[Doc. No. 42]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SALAHUDDIN F. SMART,<br><br>              Plaintiff,<br><br>    v.<br><br>TOWNSHIP OF WINSLOW, et al.,<br><br>              Defendants. | Civil No. 13-4690-RMB-KMW |

**REPORT AND RECOMMENDATION**

    This matter is before the Court on the unopposed Motion [Doc. No. 51] filed by Defendants Patrolman Walter Schilling, Patrolman Michael Clark, and Lieutenant Christopher Dubler (collectively, "Defendants") seeking dismissal of Plaintiff Salahuddin F. Smart's claims pursuant to Federal Rule of Civil Procedure 41 based on Plaintiff's failure to prosecute this matter, his failure to comply with the Federal Rules of Civil Procedure, and this Court's prior Orders regarding discovery. This report and recommendation is entered pursuant to Fed. R. Civ. P. 72(b) and the Court has considered this matter pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth in the following findings of fact and conclusions of law, the Court recommends dismissal of Plaintiff's Complaint.

1

**FINDINGS OF FACT**

1.  Defendants seek dismissal of Plaintiff's Complaint based on his failure to prosecute this matter, comply with the Federal Rules of Civil Procedure, and this Court's Scheduling and Discovery Orders. *See* Def.'s Br.[1]

2.  On January 28, 2016, the Court conducted an initial conference which resulted in the entry of a Scheduling Order providing for a July 29, 2016 discovery end date, *inter alia*. Scheduling Order [Doc. No. 31], Jan. 29, 2016.

3.  On February 26, 2016, Defendants served Plaintiff with Interrogatories and a Request for Production of Documents. Campbell Cert.[2] ¶ 3.

4.  An in-person status conference was scheduled for April 14, 2016, however, Plaintiff did not appear for the conference. Campbell Cert. ¶ 4.

5.  On April 15, 2016, the Court issued an Order directing Plaintiff to file a letter by April 28, 2016 explaining his failure to attend the April 14, 2016 status conference. Campbell Cert. ¶ 4; Order [Doc. No. 36], Apr. 14, 2016.

---

[1] Citation to "Defs.' Br." refers to the "Brief in Support of Defendants Patrolman Walter Schilling, Patrolman Michael Clark and Lt. Christopher Dubler's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with a Court Order." *See* Doc. No. 51-1.
[2] "Campbell Cert." refers to the Certification of Counsel in Support of Defendants Patrolman Walter Schilling, Patrolman Michael Clark, and Lt. Christopher Dubler's Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Court Order [Doc. No. 51-2].

6. By letter dated April 14, 2016, Plaintiff indicated that he did not appear due to illness. Letter [Doc. No. 37], Apr. 14, 2016.

7. As such, the Court scheduled another in-person status conference for May 23, 2016. Text Order [Doc. No. 38], May 2, 2016. Plaintiff appeared for this conference. Campbell Cert. ¶ 5.

8. The Court entered an Amended Scheduling Order based on the directives given during the May 23, 2016 status conference. Am. Sch. Order [Doc. No. 41], May 23, 2016.

9. In the May 23rd Amended Scheduling Order, Plaintiff was ordered to respond to Defendant's outstanding written discovery requests by June 24, 2016. May 23rd Am. Sch. Order ¶ 2.

10. Additionally, the Court scheduled a telephone status conference for July 26, 2016. *Id.* ¶ 4.

11. Plaintiff failed to provide discovery by the June 24, 2016 deadline nor did he request an extension of the deadline from the Court. Campbell Cert. ¶¶ 7-10.

12. On July 18, 2016, Defendants filed a motion to dismiss Plaintiff's Complaint due to his failure to provide discovery. Campbell Cert. ¶ 11.

13. Plaintiff failed to appear for the July 26, 2016 telephone status conference. Campbell Cert. ¶ 12.

14. On August 1, 2016, Plaintiff filed a letter indicating that he was involved in a motor vehicle accident on June 19, 2016 and was feeling overwhelmed with his ongoing cases. Letter [Doc. No. 44],

Aug. 2016. Plaintiff also included an "Excuse Slip" from Daniel Klapa, D.C. *Id.*

15. The Court scheduled another in-person status conference for September 8, 2016. Text Order [Doc. No. 46], Aug. 18, 2016.

16. Plaintiff attended the September 8th status conference and the Court directed the following: 1) Plaintiff was granted leave to file a motion to amend by September 23, 2016; 2) Plaintiff was to provide a written settlement demand by September 30, 2016; 3) Plaintiff was to respond to outstanding written discovery and provide initial disclosures by October 28, 2016; 4) Plaintiff was to provide Defendant's counsel with notice(s) of depositions by October 28, 2016. The Court scheduled another in-person status conference for December 7, 2016. Am. Sch. Order [Doc. No. 48] ¶¶ 1-6, Sept. 8, 2016.

17. Pursuant to the Court's instruction, on September 9, 2016, Defendants re-served their interrogatories and requests for production of documents. Letter [Doc. No. 49], Sept. 9, 2016; Campbell Cert. ¶ 15.

18. On September 9, 2016, although the Court denied, without prejudice, Defendant's motion to dismiss, the Order directed Plaintiff to produce any all remaining discovery by October 28, 2016 and provided that if Plaintiff failed to comply with the Order or the September 8th Amended Scheduling Order, Defendants were granted leave to file any motion they deem necessary as a result. Order [Doc. No.

4

50], Sept. 9, 2016.

19. Plaintiff failed to provide the outstanding discovery and Defendants filed this Motion to Dismiss. Campbell Cert. ¶ 16.

20. Plaintiff also failed to appear for the December 7, 2016 status conference.

21. Thus, to date, Plaintiff has failed to appear for three status conferences, although for two of the conferences he provided an explanation, failed to obey three Orders of this Court, and has failed to engage in discovery.

22. Plaintiff has not opposed this Motion.

## CONCLUSIONS OF LAW

23. Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

24. Moreover, Federal Rules of Civil Procedure 16 and 37 vests the Court with the authority to sanction parties and/or attorneys who fail to comply with discovery or the Court's discovery orders. See Fed. R. Civ. P. 16(f)(1)-(2); Fed. R. Civ. P. 37(b)(2)(A).

25. Sanctions may include dismissal of a plaintiff's complaint. *See* Fed. R. Civ. P. 37(b)(2)(A).

26. The Third Circuit has provided several factors to be considered by courts in evaluating whether to dismiss claims based on either a plaintiff's failure to prosecute or discovery violations. *Poulis v.*

5

*State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); *see also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Courts consider the following factors (hereinafter, "*Poulis* factors"): (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was in bad faith or willful; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868. Courts must balance the factors to determine if dismissal is appropriate. *Id.* at 870.

27. Dismissal is an extreme sanction and should be reserved for those instances "in which it is justly merited." *Id.*

28. With regard to the first *Poulis* factor, Plaintiff is personally responsible for his own failure to abide by three Court Orders directing that he provide outstanding discovery to Defendants. Moreover, he is responsible for his failure to attend the most recent status conference without justification for same. Plaintiff is acting *pro se*, thus, his actions, or inactions, can be attributed only to him. *See Briscoe*, 528 F.3d at 258-59 ("it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff solely responsible for the progress of his case"). Here, despite being excused from absences in the past and several Court Orders permitting Plaintiff additional time to comply with his discovery obligations, he has personally failed to attend

the last conference or abide the Court's deadlines for discovery. This factor weighs in favor of dismissal.

29. Moreover, with regard to the second *Poulis* factor, the prejudice to Defendants is clear. The Third Circuit has provided that "prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Briscoe*, 538 F.3d at 259 (citing *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). "It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, Plaintiff's failure to participate in discovery, despite Court Orders directing same, is prejudicing Defendants' ability to adequately craft a defense to Plaintiff's claims. Defendants have not been able to obtain responses to their requests for discovery and they have been forced to file two motions to dismiss based on Plaintiff's failure to comply with this Court's Orders extending the time for Plaintiff to comply with his discovery obligations. Defendants cannot defend claims that Plaintiff fails to prosecute. Hereto, this factor weighs in favor of dismissal.

30. Next, Plaintiff's history of dilatoriness weighs in favor of dismissal. Dilatoriness is established by repeated delays or delinquencies such as non-response to discovery or consistent

7

tardiness in complying with court orders. *Briscoe*, 538 F.3d 260. Plaintiff failed to attend three status conferences ordered by this Court. While Plaintiff explained his absence from the first two conferences, he failed to explain his absence at the most recent status conference. Similarly, the Court has provided Plaintiff deadlines in three separate Orders to foster his compliance with outstanding discovery obligations. Plaintiff has not complied with a single Order. Indeed, Plaintiff has failed to oppose this Motion. Plaintiff's actions are needlessly delaying this litigation and, at present, it is currently at a standstill since he has not had contact with his adversaries or the Court. While the Third Circuit in *Briscoe* noted that conduct that occurs one or two times is not enough to demonstrate a history of dilatoriness, 538 F.3d at 261, here, there is a pattern of delinquency established by Plaintiff's absence from three status conferences without forewarning, his failure to comply with three Court Orders, and his failure to provide discovery to Defendants. Thus, Plaintiff actions are dilatory.

31. With regard to the fourth *Poulis* factor, there is no evidence that Plaintiff's conduct is willful or in bad faith. "Under this factor, the District Court must consider whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (citing *Adams,* 29 F.3d at 875). As mentioned above, Plaintiff has not opposed this Motion nor has he communicated with the Court since his absence from

the December 7, 2016 status conference. Additionally, Defendants have not pointed to any evidence from which the Court could attempt to characterize Plaintiff's conduct. Thus, without more information, this factor weighs against dismissal.

32. Additionally, there are no alternative sanctions the Court could impose, thus, this factor also weighs in favor of dismissal. At this juncture, Plaintiff is not participating in discovery, has failed to attend the last conference without explanation or communication with the Court, and has violated several Court Orders directing his participation in discovery. The Court cannot conjure an alternative sanction for an individual who is simply not participating in the litigation.

33. Finally, the Court will assume Plaintiff's claims have merit because the claims that remain were screened by the Honorable Renée Marie Bumb, U.S.D.J. Thus, this factor would weigh against dismissal.

*34.* On balance, because most of the *Poulis* factors weigh in favor of dismissal, same is warranted. Indeed, other courts have found dismissal warranted in similar circumstances. *See Gonzalez v. Fed. Nat'l Mortg. Ass'n,* No. 15-207, 2016 WL 4260782, (D.N.J. Aug. 11, 2016)(dismissal warranted failed to comply with court orders requiring attendance at status conferences); *Martino v. Solaris Health Sys. Corp.,* No. 04-6324, 2007 WL 1959226, at *1 (D.N.J. June 29, 2007)(adopting the recommendation of the magistrate judge that

the action be dismissed where the *pro se* plaintiff failed to comply with two court orders and defendants were unable to undertake discovery).

Accordingly, on this **9th** day of **January, 2017,** this Court recommends **GRANTING** Defendants' Motion to Dismiss.  Pursuant to L. Civ. R. 72.1(c)(2), any party may object to this report and recommendation within 14 days after being served with a copy thereof.

s/ Karen M. Williams
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Renée M. Bumb